**Roque Rocky DE LA FUENTE, Plaintiff-Appellant,**

v.

**Alex PADILLA, California Secretary of State and State of California, Defendants-Appellees.**

**No. 16-56261**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 2017 Pasadena, California

Filed March 30, 2017

Morgan John Clift Scudi, Esquire, Attorney, Scudi & Ayers, LLP, San Diego, CA, for Plaintiff-Appellant

Jonathan Michael Eisenberg, Deputy Attorney General, California Department of Justice, Los Angeles, CA, for Defendants-Appellees

Before: PAEZ, BERZON, and CHRISTEN, Circuit Judges.

### MEMORANDUM *

Roque "Rocky" De La Fuente ("De La Fuente") sought to have his name listed as an independent presidential candidate on the November 2016 California general election ballot. He refused, however, to comply with California Elections Code §§ 8400 and 8403 ("Sections 8400 and 8403"), which impose signature require-

ments on aspiring independent presidential candidates. Pursuant to 42 U.S.C. § 1983, De La Fuente filed a lawsuit against California Secretary of State Alex Padilla ("Secretary") and the State of California, challenging Sections 8400 and 8403 as unconstitutional under the First and Fourteenth Amendments, as well as under the Elections Clause, U.S. Const. art. I, § 4, cl. 1.

In August 2016, De La Fuente filed a motion for a preliminary injunction, seeking to enjoin the Secretary from enforcing Sections 8400 and 8403 against him, and from printing the November 2016 general election ballot without De La Fuente's name listed as a candidate for President of the United States. The district court denied De La Fuente's motion, concluding that he failed to demonstrate a likelihood of success on the merits.

De La Fuente appealed the district court's order denying his motion for a preliminary injunction. A motions panel of this court denied De La Fuente's emergency motion for an injunction pending appeal. The Secretary did not include De La Fuente's name on the November 2016 general election ballot, and now argues that this appeal is moot. We agree, and therefore dismiss the appeal.

"The court ... has no jurisdiction over an appeal that has become moot." *Akina v. Hawaii,* 835 F.3d 1003, 1010 (9th Cir. 2016) (per curiam). "An interlocutory appeal of the denial of a preliminary injunction is moot when a court can no longer grant any effective relief sought in the injunction request." *Id.* In this case, we no longer may grant any effective relief. The November 2016 general election is over,

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and there is no present risk that Sections 8400 and 8403 will be applied to De La Fuente.

Although there is an exception to the mootness doctrine for "disputes that are capable of repetition, yet evading review," *id.* at 1011 (internal quotation marks omitted), that exception has no applicability in this instance. Indeed, "[t]hat exception is reserved for extraordinary cases in which (1) the duration of the challenged action is too short to be fully litigated before it ceases, and (2) there is a reasonable expectation that the plaintiffs will be subjected to the same action again." *Id.* (internal quotation marks omitted). Here, even assuming that De La Fuente intends to run as an independent presidential candidate in 2020, there is ample time to resolve his challenge to Sections 8400 and 8403 prior to that election.

In dismissing the appeal as moot, we express no opinion on the merits of the district court's order. Because we dismiss the appeal, the Secretary's motion for judicial notice (Dkt. No. 16) is denied as moot.

**DISMISSED.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.